**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| QIAN HAOCHENG., Plaintiff, -against- YOUTUBE INC., ET AL., Defendants. | Case No. 3:23-CV-00513-SVN **MOTION TO DISMISS** |

**MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Qian Haocheng ("Plaintiff") alleges in his First Amended Complaint that defendants Google LLC ("Google") and YouTube, Inc. ("YouTube") (collectively, "Defendants") breached YouTube's Terms of Service by removing certain content from Plaintiff's YouTube channel without giving him prior notice, an opportunity to make changes to the content, or an opportunity to download the content. *See* ECF No. 29 ("FAC") at ¶¶ 17-20. The FAC must be dismissed.

Plaintiff acknowledges that his use of YouTube is governed by the Terms of Service, which expressly incorporate YouTube's Community Guidelines. *See id.* at ¶¶ 7-8. But the Terms do not contain any of the requirements alleged by Plaintiff. On the contrary, the Terms make plain that YouTube may remove user content in its sole discretion *without* prior notice to the user, an opportunity for the user to make any changes to their content, or an

opportunity to download the content. *See* YouTube.com, "Terms of Service," *available at* https://www.youtube.com/static?template=terms (last accessed Aug. 21, 2023) ("Terms"); YouTube.com, "Community Guidelines," *available at*: https://www.youtube.com/howyoutubeworks/policies/community-guidelines/ (last accessed Aug. 21, 2023) ("Community Guidelines").

Indeed, Plaintiff has not pleaded *any* actions by Defendants inconsistent with the Terms or Community Guidelines. Rather, his remaining allegations are conclusory statements that fall short of providing "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Because Plaintiff cannot identify any facts or law on which to base his claims, YouTube respectfully requests that Plaintiff's Complaint be dismissed.

## II. BACKGROUND

YouTube is an online video-sharing and video-hosting platform that allows users to view, upload, share, and comment on videos. *See* https://www.youtube.com/. YouTube users can create "channels," to which they may upload content that they own or have the right to distribute. *See id.* Use of YouTube is governed by the Terms. *See* Terms of Service.

The Terms set forth YouTube's policies and procedures for removing content that violates YouTube's standards. YouTube "reserve[s] the right to remove or take down some or all" content without prior notice to the user. *Id*., "Removal of Content By YouTube." Specifically, the Terms state that YouTube may remove content "in [its] discretion" if YouTube concludes that the content "(1) is in breach of this Agreement or (2) may cause harm to YouTube, our users, or third parties." *Id*. There is no requirement that YouTube only

remove content for good cause or probable cause, phrases that do not appear in the Terms. *See id*. Nor do the Terms obligate YouTube to provide any notification to the user, either in advance of removal, or following such removal. *See id.* They also do not provide the user with any right to make changes to content that YouTube has flagged or a right to download that content before it is removed. Instead, the Terms only state that YouTube will notify the affected user "with the reason for our action *unless we reasonably believe that to do so*: (a) would breach the law or the direction of a legal enforcement authority or would otherwise risk legal liability for YouTube or our Affiliates; (b) would compromise an investigation or the integrity or operation of the Service; or (c) would cause harm to any user, other third party, YouTube or our Affiliates." *Id*. (emphasis added).

YouTube also has Community Guidelines, which are expressly incorporated into the Terms. *See id.*, "Applicable Terms." The Community Guidelines provide additional information regarding the types of content that are not permitted on YouTube and are unambiguous that YouTube users will not receive notice or an opportunity to cure *before* violative content is removed:

> If our reviewers decide that content violates our Community Guidelines, we remove the content and send a notice to the Creator. The first time a Creator violates our Community Guidelines, they receive a warning with no penalty to the channel. After one warning, we'll issue a Community Guidelines strike to the channel and the account will have temporary restrictions including not being allowed to upload videos, live streams, or stories for a 1-week period. Channels that receive three strikes within a 90-day period will be terminated. Channels that are dedicated to violating our policies or that have a single case of severe abuse of the platform, will bypass our strikes system and be terminated. All strikes and terminations can be appealed if the Creator believes there was an error, and our teams will re-review the decision.

Community Guidelines.

Plaintiff agrees that his use of YouTube is governed by the Terms. *See* FAC at ¶ 7. He alleges, without citing any provision or language in the Terms or Community Guidelines, that "(1) YouTube agreed to notify the Plaintiff of any suspected violation of the Community Guidelines by Plaintiff before removing any content. In the case of a suspected intellectual property infringement . . . YouTube agreed to identify the suspect work to Plaintiff and provide Plaintiff notice of the suspected infringement before [YouTube] removed Plaintiff's content or canceled Plaintiff's channel[] [and] (2) When . . . YouTube identifies infringing work posted by the Plaintiff, Defendant YouTube agrees to allow Plaintiff the options of preserving Plaintiff's allegedly infringing work for Plaintiff's private viewing or of deleting the work himself." *Id*. at ¶ 8.

Plaintiff alleges that YouTube removed some of his content without providing him with prior notice or an opportunity to "readjust his work." *Id*. at ¶ 18. He further alleges that YouTube "terminated Plaintiff's channel(s) without probable cause; and failed to give Plaintiff sufficient notice to download his content before his channel(s) were terminated." *Id*., at ¶ 19. Plaintiff claims that he lost more than $75,000 as a result of these actions, including because "Defendants . . . stole Plaintiff's traffic revenue by taking a monopolistic position and using opaque methods. The opaque methods include arbitrary changes or non-disclosure of revenue per thousand clicks, and 'invalid traffic' with vague and uncertain content." *Id*., at ¶ 14.

Despite these alleged harms, Plaintiff does not claim that he appealed any strikes or removals he received, even though the Community Guidelines expressly permit him to do so. *See generally id*.; *see also* Community Guidelines. Instead, he filed the instant proceeding.

## III. LEGAL STANDARD

"Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "[w]hen a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendant's motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may take into account any written instrument attached to the complaint, as well as statements and documents "incorporated in [the complaint] by reference" without converting a motion to dismiss into one for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotations omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Id.* at 153 (quoting *International Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

## IV. REQUEST FOR JUDICIAL NOTICE

### A. The Court Should Take Judicial Notice of YouTube's Terms and Community Guidelines.

Pursuant to Fed. R. Evid. 201(b)(2), courts may take judicial notice of documents "referenced in and integral to the Complaint" in evaluating a motion to dismiss, including contracts. *In re Generali COVID-19 Travel Ins. Litig.*, 576 F. Supp. 3d 36, 40 (S.D.N.Y. 2021), *aff'd sub nom. Oglevee v. Generali U.S. Branch*, No. 22-336-CV, 2022 WL 16631170 (2d Cir. Nov. 2, 2022) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71-72 (2d Cir. 1995)) (taking judicial notice of insurance policies and executive orders referenced in, and underlying the allegations of, complaint in evaluating motion to dismiss).

Accordingly, courts routinely take judicial notice of companies' publicly available terms of service. *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, No. 3:20-CV-1602 (SRU), 2022 WL 4599203, at *10 (D. Conn. Sept. 30, 2022) (taking judicial notice of YouTube's Terms to "corroborate [Court's] understanding of YouTube's technology without supplementing the allegations" in complaint); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's Terms of Use because the terms are "publicly accessible; there is no dispute as to the authenticity of the items; and while the meaning of the terms in the items may be in dispute, the existence of the terms themselves is not") (citing Fed. R. Evid. 201(b)(2)); *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (finding that Facebook's publicly available Terms of Service and Community Standards were subject to judicial notice).

Here, Plaintiff alleges that Defendants breached YouTube's Terms, which Plaintiff agrees govern his use of YouTube and which are referenced, but never quoted, throughout the FAC. *See*, *e.g.*, FAC ¶ 7. Plaintiff also alleges that Defendants breached the Community Guidelines, which are expressly incorporated into the Terms. *See id.*, ¶ 8; *see* Terms of Service, "Applicable Terms." Plaintiff does not question the authenticity of the Terms or Community Guidelines; indeed, his breach of contract claim hinges on the contents of these documents. Therefore, the Court may take judicial notice of these materials.

## V. ARGUMENT

### A. Plaintiff's Claims Fail Because He Has Not Alleged Any Actions by Defendants that Would Violate YouTube's Terms of Service.

Plaintiff claims that Defendants violated YouTube's Terms in removing his content (*see* FAC at ¶ 7), but he fails to identify any provision in the Terms' text that Defendants supposedly violated.

"Under Connecticut law, a breach of contract claim has four elements: (1) the formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages." *Prysmian Cables & Sys. USA LLC v. ADT Com. LLC*, No. 3:22-CV-836 (VAB), 2023 WL 2712613, at *4 (D. Conn. Mar. 30, 2023) (citing *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014)). The Court "may dismiss a breach of contract claim only if the terms of the contract are unambiguous." *Id*. "A contract is unambiguous when its language is clear and conveys a definite and precise intent." *Id*. (citing *Nation-Bailey v. Bailey*, 316 Conn. 182, 192 (2015)). The contract's language "must be accorded its common, natural, and ordinary meaning and usage where it

can be sensibly applied to the subject matter of the contract." *Id.* (citations omitted). "[T]he mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous"; rather, the contract "may only be considered ambiguous if its language is "susceptible to more than one reasonable interpretation." *Id.* (citations omitted).[1]

Here, Plaintiff alleges that Defendants breached YouTube's Terms of Service. *See* FAC at ¶ 7 ("Plaintiff operated his YouTube channels and sections according to the terms of Defendant YouTube's Terms of Service"); ¶¶ 17-20 (alleging supposed violations of the Terms of Service). Plaintiff does not identify any provisions in YouTube's Terms of Service that he claims Defendants breached. *See generally id*. Instead, Plaintiff alleges generally that "[u]nder the terms . . . Defendant YouTube had an obligation to inform the plaintiff of any suspected breach of the Contract's terms (including which specific work of Plaintiff's is believed to be in breach of the Contract, and to specify the particular Contract clause). Plaintiff, in turn, has an obligation under the Contract to readjust his work to conform with the terms of the Contract." *Id*. at ¶ 17; *see also* ¶ 8 (alleging same).

However, Plaintiff's allegations are wholly inconsistent with the Terms' plain language. The Terms make clear YouTube "reserve[s] the right to remove or take down some or all" content. *Id*., "Removal of Content By YouTube." The Terms are explicit that

[1] According to the Terms, "[a]ll claims arising out of or relating to these terms or the Service will be governed by California law." Under California law, "[t]he standard elements of a claim for breach of contract are '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Dillon v. Cont'l Cas. Co.*, 278 F. Supp. 3d 1132, 1138 (N.D. Cal. 2017) (quoting *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008)). Considering that the

YouTube may remove content "in [its] discretion" if YouTube concludes that the content "(1) is in breach of this Agreement or (2) may cause harm to YouTube, our users, or third parties." *Id*. The Terms do not obligate YouTube to provide any notification to the user, either in advance of removal, or of the reasons for removal. *See id.* Instead, YouTube only represents that it "will notify you with the reason for our action unless we reasonably believe that to do so: (a) would breach the law or the direction of a legal enforcement authority or would otherwise risk legal liability for YouTube or our Affiliates; (b) would compromise an investigation or the integrity or operation of the Service; or (c) would cause harm to any user, other third party, YouTube or our Affiliates." *Id*. The Terms do not require YouTube to provide any explanation to the user when content is removed without notice because one of the foregoing exceptions are implicated. *See id*.

YouTube's Community Guidelines, which are expressly incorporated into the Terms of Service, provide additional information regarding Defendants' rights and obligations as to removed content. *See id.*, "Applicable Terms." The Community Guidelines provide extensive information regarding the types of content that are not permitted on YouTube and are unambiguous that YouTube users will not receive prior notice or an opportunity to cure before violative content is removed. *See* Community Guidelines. Finally, the Terms do not contain any mention of "yellow tags" or "yellow flags," "good cause," "probable cause," "yellow labeling," "banning," "removing profit-making features," "unsubscribing members," "reducing subscriptions," or "invalid traffic," much less impose any obligations as to any of them. *Id*. at ¶¶ 11-13, 19.

---

elements of a breach of contract claim under Connecticut and California law are similar, Plaintiff's claims should be dismissed under either state's laws.

Accordingly, nothing in the Terms or Community Guidelines imposes the obligations Plaintiff alleges. On the contrary, they provide Defendants with broad discretion to unilaterally remove violative content, and take disciplinary steps against accounts or channels that offer content in violation of the Terms or Community Guidelines. Plaintiff does not point to any provision in either the Terms or Community Guidelines which he alleges can be interpreted to create the obligations he alleges. Instead, he simply mischaracterizes the documents' plain text. Further, if Plaintiff believes his content was removed in error or that he is entitled to additional information about the reasons for removal, he may appeal *all* content moderation decisions to YouTube without burdening the Court. *See* Community Guidelines. There is no indication that Plaintiff has appealed any of those decisions, even though that should be his first step. *See generally* FAC. To the extent Plaintiff believes his content was removed in error, he must follow the Terms to which he agreed and appeal the removal decisions to Defendants as his first step. *See* Community Guidelines.

Because Plaintiff has not alleged any actions by YouTube that violate the Terms, the Complaint falls far "short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678. Accordingly, his Complaint should be dismissed.

### B. The Complaint Does Not Provide Any Factual Support for Allegations About the Underlying Events.

The remainder of Plaintiff's allegations are conclusory statements insufficient to withstand a motion to dismiss. "For a complaint to survive a motion to dismiss, after the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *Tonina*

*v. Ferraro*, No. 3:19-CV-00970 (MPS), 2020 WL 3489520, at *2 (D. Conn. June 26, 2020) (internal citations and punctuation omitted). While the plausibility standard is not a probability requirement, it requires more than a mere possibility that defendant has acted unlawfully: "[W]here a complaint pleads facts that are *merely consistent with* a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (emphasis added; internal quotes omitted).

Here, even if Plaintiff could identify any provisions of the Terms creating the rights he alleges, and he cannot, his allegations lack any of the requisite factual details. Plaintiff alleges that he was harmed by "YouTube's diversion of traffic for yellow labeling, banning, removing profit-making features, unsubscribing members, reducing subscriptions, invalid traffic, etc." from his channels. FAC ¶ 13. But Plaintiff pleads no facts to establish what these terms mean or how Defendants supposedly engaged in any of this conduct. He also pleads no facts regarding how Defendants supposedly imposed "restrictions that not only violated the terms of the contract but went well beyond the scope of the contract, making Plaintiff aware that Defendant YouTube was suspected of acting as an agent of the Chinese Communist Party and systematically persecuting Plaintiff for prohibiting free speech" or "stole Plaintiff's traffic revenue." *Id.*, ¶¶ 10, 14.

The allegations fall short of *Twombly*'s pleading standard because they contain *only* conclusory and speculative material. The Court need not and should not make the numerous "unwarranted deductions of fact" required to turn these threadbare statements into legally cognizable allegations. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994).

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint.

DATED: August 21, 2023

**PERKINS COIE LLP**

By: /s/ *LaMarte Williams, Jr.*
LaMarte Williams, Jr.
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
LaMarteWilliams@perkinscoie.com
Telephone: 1.212.262.6900
Facsimile: 1.212.977.1649

*Attorney for Defendants*